JS-6

# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY CARUSO, derivatively on behalf of WORKHORSE GROUP INC., <br><br> Plaintiff, <br><br> v. <br><br> DUANE A. HUGHES, STEVE SCHRADER, RAYMOND CHESS, GERALD B. BUDDE, H. BENJAMIN SAMUELS, HARRY DEMOTT, MICHAEL L. CLARK, PAMELA S. MADER, and JACQUELINE A DEDO, <br><br> Defendants, <br><br> and <br><br> WORKHORSE GROUP INC., | Case No. 2:21-cv-04202 CJC(PVCx) <br><br><br> **ORDER CONSOLIDATING RELATED ACTIONS AND APPOINTING CO-LEAD COUNSEL** |

- 1 -
**ORDER CONSOLIDATING RELATED ACTIONS AND APPOINTING CO-LEAD COUNSEL**

| | | |
|---|---|---|
| | Nominal Defendant. | |
| | MARK KISTENMACHER, derivatively on behalf of WORKHORSE GROUP INC., | Case No. No. 2:21-cv-04294 CJC(PVCx) |
| | Plaintiff, | |
| | v. | |
| | DUANE A. HUGHES, STEVE SCHRADER, RAYMOND CHESS, GERALD B. BUDDE, H. BENJAMIN SAMUELS, HARRY DEMOTT, MICHAEL L. CLARK, PAMELA S. MADER, and JACQUELINE A DEDO, | |
| | Defendants, | |
| | and | |
| | WORKHORSE GROUP INC., | |
| | Nominal Defendant. | |
| | DAVID BROWN, derivatively on behalf of WORKHORSE GROUP INC., | |
| | Plaintiff, | Case No. 2:21-cv-04412 CJC(PVCx) |

- 2 -
**ORDER CONSOLIDATING RELATED ACTIONS AND APPOINTING CO-LEAD COUNSEL**

| | |
|---|---|
| 1 | v. |
| 2 | |
| 3 | DUANE A. HUGHES, STEVE SCHRADER, STEPHEN FLEMING, ROBERT WILLISON, ANHTONY FUREY, RAYMOND J. CHESS, JACQUELINE A DEDO, PAMELA S. MADER, GERALD B. BUDDE, H. BENJAMIN SAMUELS, HARRY J. DEMOTT, and MICHAEL L. CLARK, |
| 7 | |
| 8 | Defendants, |
| 9 | |
| 10 | and |
| 11 | |
| 12 | WORKHORSE GROUP INC., |
| 13 | |
| 14 | Nominal Defendant. |
| 15 | |
| 16 | Nominal Defendant. |

Pursuant to the Joint Stipulation Consolidating Related Actions and Appointing Co-Lead Counsel filed by Plaintiffs Barry Caruso, Mark Kistenmacher, and David Brown ("Plaintiffs"), Defendants Duane A. Hughes, Steve Schrader, Raymond Chess, Gerald B. Budde, H. Benjamin Samuels, Harry J. Demott, Michael L. Clark, Pamela S. Mader, and Jacqueline A. Dedo; and Nominal Defendant Workhorse Group Inc. ("Defendants"), and good cause appearing, IT IS HEREBY ORDERED THAT:

1. Defendants hereby accept service of the complaints filed in the Related Derivative Actions.

2. The following actions are hereby consolidated for all purposes, including pre-trail proceedings and trial, under Case No. 2:21-cv-04202 CJC(PVCx) (the "Consolidated Action"):

| Case Name | Case Number | Date Filed |
|---|---|---|
| *Caruso v. Hughes., et al.* | 2:21-cv-04202 CJC(PVCx) | May 19, 2021 |
| *Kistenmacher v. Hughes, et al.* | 2:21-cv-04294 CJC(PVCx) | May 24, 2021 |
| *Brown v. Hughes, et al.* | 2:21-cv-04412 CJC(PVCx) | June 3, 2021 |

3. Every pleading filed in the Consolidated Action, or in any separate action included herein, musted bear the following caption:

# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| IN RE WORKHORSE GROUP INC. DERIVATIVE LITIGATION | Lead Case No. 2:21-cv-04202 CJC(PVCx) |
|---|---|
| This Document Relates to: ALL ACTIONS | |

4. All papers filed in connection with the Consolidated Action will be maintained in one filed under Lead Case 2:21-cv-04202 CJC(PVCx).

5. Co-Lead Counsel for Plaintiffs for the conduct of the Consolidated Action shall be:

**THE BROWN LAW FIRM, P.C.**
Timothy Brown
767 Third Avenue, Suite 2501
New York, NY 10017
Telephone: (516) 922-5427
Facsimile: (516) 344-6204

Email: tbrown@thebrownlawfirm.net

**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, SBN 219683
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

**SQUITIERI & FEARON, LLP**
Lee Squitieri
32 East 57th Street, 12th Floor
New York, NY 10022
Telephone: (212) 421-6492
Facsimile: (212) 421-6553
Email: Lee@SFclasslaw.com

6. Plaintiffs' Co-Lead Counsel shall have the sole authority to speak for plaintiffs in all matters regarding pre-trial procedure, trial, and settlement negotiations and shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort.

7. Co-Lead Counsel will be responsible for coordinating all activities and appearances on behalf of plaintiffs. No motion, request for discovery, or other pre-trial or trial proceedings will be initiated or filed by any plaintiffs except through Co-Lead Counsel.

8. Defendants' counsel may rely upon all agreements made with Co-Lead Counsel, or other duly authorized representative of Co-Lead Counsel, and such agreements shall be binding on all plaintiffs in the Consolidated Action.

9. This Order shall apply to each related shareholder derivative action involving the same or substantially the same allegations, claims, and defendants, and arising out of the same, or substantially the same, transactions or events as the Consolidated Action, that is subsequently filed in, removed to, reassigned to, or transferred to this Court ("Potential

Subsequent Related Derivative Action"). When a shareholder derivative action that properly belongs as part of *In re Workhorse Group Inc. Derivative Litigation*, Lead Case No. 2:21-cv-04202 CJC(PVCx), is hereafter filed in this Court, removed to this Court, reassigned to this Court, or transferred to this Court from another court, this Court requests the assistance of counsel in calling to the attention of the Clerk of the Court the filing, removal, reassignment, or transfer of any case that might properly be consolidated as part of *In re Workhorse Group Inc. Derivative Litigation*, Lead Case No. 2:21-cv-04202 CJC(PVCx), and counsel are to assist in assuring that counsel in subsequent actions receive notice of this order. Unless otherwise ordered, the terms of all orders, rulings, and decisions in the Consolidated Action shall apply to Potential Subsequent Related Derivative Actions filed in this Court, removed to this Court, reassigned to this Court, or transferred to this Court from another court.

10. All papers and documents previously filed and/or served in the Related Derivative Actions shall be deemed a part of the record in the Consolidated Action. The complaint filed in the *Caruso* Action shall be deemed the operative complaint in the Consolidated Action.

11. Within sixty (60) days of the Court's so ordering this stipulation, the Parties will submit a proposed scheduling order to the Court. Defendants need not respond to the complaint filed in the *Caruso* Action until the date set in the Court's ruling on that proposed schedule.

12. This stipulation is without waiver or prejudice to any and all claims, defenses, arguments, motions, or any requests for other relief that would otherwise be available to the Parties in the Related Derivative Actions.

**IT IS SO ORDERED.**

Dated: June 21, 2021      By: _____
                                Cormac J. Carney
                                Judge, United States District Court

**ORDER CONSOLIDATING RELATED ACTIONS AND APPOINTING CO-LEAD COUNSEL**